UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
CARMEN IVETTE HERNANDEZ-VERGARA,
Defendant.

Case No.: 26cr3498-WQH

**ORDER**

HAYES, Judge,

The matter before the Court is the Motion to Revoke Magistrate Judge's Detention Order and Set Conditions of Release, filed by Defendant Carmen Ivette Hernandez-Vergara. ("Motion to Revoke Detention Order," ECF No. 28.)

**BACKGROUND**

On August 11, 2026, Defendant was arrested and charged with one felony count of bringing aliens to the United States without presentation, in violation of 8 U.S.C. § 1324 (a)(2)(B)(iii), and one felony count of bringing aliens to the United States for financial gain, in violation of 8 U.S.C. § 1324 (a)(2)(B)(ii). (ECF No. 1; *see also* Information, ECF No. 17.)

The Complaint alleges that, on August 11, 2026, at approximately 5:35 p.m., Defendant, a Mexican citizen, applied for admission to the United States via the Otay Mesa, California Port of Entry vehicle lanes as the driver, registered owner and sole visible occupant of a Volkswagen Jetta bearing Mexican license plates. (ECF No. 1 at 2.) Defendant presented her valid Global Entry card as her entry document and stated that she was traveling to San Ysidro, California with nothing to declare from Mexico. *Id*. The

United States Customs and Border Patrol ("CBP") Officer at primary inspection received a computer-generated alert and referred Defendant and her vehicle to secondary inspection. *Id*. During secondary inspection of the rear cargo area of Defendant's vehicle, a CBP Officer found a Chinese citizen without legal documents to enter the United States hiding underneath a blanket. *Id*. During a video-recorded interview, Defendant was advised of her *Miranda* rights, eventually admitted her knowledge of the smuggling act, and stated that she was to be paid $7,000 upon successful entry. *Id*. at 3.

At Defendant's initial appearance on August 12, 2026, the Government moved to detain Defendant based on a serious risk of flight, pursuant 18 U.S.C. § 3142(f)(2). (ECF No. 26 at 7.) After hearing from counsel for the Government and for Defendant, United States Magistrate Judge Jill L. Burkhardt orally granted the Government's motion, and on the same day issued a written Order of Detention stating that the following factors weighed in favor of detention: (i) weight of evidence against the Defendant is strong; (ii) subject to a period of incarceration if convicted; (iii) lack of stable employment in the United States; (iv) lack of stable residence in the United States; (v) lack of financially responsible sureties; (iv) lack of significant community or family ties to this district; (v) significant family or other ties outside the United States; (vi) lack of legal status in the United States; and (vii) being subject to removal or deportation after serving any period of incarceration. (ECF No. 10 at 2–3.)

On August 27, 2026, Defendant filed a Motion to Reconsider Order of Detention. (ECF No. 15.) Defendant requested to be released on a $20,000 personal appearance bond secured by the signature of one financially responsible adult: her brother-in-law, who is a United States citizen residing in Phoenix, Arizona.

On September 2, 2026, the United States filed an opposition to the Motion to Reconsider Order of Detention. (ECF No. 16.)

On September 3, 2026, Judge Burkhardt issued a Minute Order denying the Motion to Reconsider Order of Detention. (ECF No. 19.)

On September 16, 2026, Defendant filed the pending Motion to Revoke Detention Order. (ECF No. 28.) Defendant asserts that she is a "nurse, PhD., and professor" with no criminal history and "a supportive family including a U.S. citizen brother-in-law who resides in Phoenix and is willing to sign as surety for her." *Id*. at 1. Defendant contends that the charges against her do not carry a presumption of detention, and "an analysis of the relevant factors shows that there are conditions of release that can and should be set in this case, despite the magistrate court's detention order." *Id*. Defendant asserts:

> With regard to the severity of the charge and the punishment she is facing, Ms. Hernandez-Vergara has received a plea offer from the government to plead guilty to a felony that carries no mandatory minimum sentence, and the government's recommended sentence is 90 days in custody, time served, or the low end of the guidelines range, which is 0 to 6 months. Therefore, her incentive to flee in order to avoid the potential consequences of this conviction is not high. She does not face a lengthy period of incarceration if convicted. Moreover, the risk of deportation at the conclusion of the case does not provide an incentive for Ms. Hernandez-Vergara to flee, either, because she does not live in the United States and most of her family is in Mexico. Additionally, the fact of her arrest on this case alone already means that her B1/B2 visa has been cancelled. She already understands she will likely not be able to return United States, regardless of the outcome of this case.

*Id*. at 5. Defendant contends that her history and characteristics weighs against detention because she "has a demonstrated history of being a hardworking, reliable, and upstanding citizen," "is financially self-sufficient and is also the main provider for her parents," and she does not "have any other risk factors like a history of substance abuse or failures to appear." *Id*. at 5–6. Defendant attaches her curriculum vitae and exhibits showing she has been employed since 2020 as a professor in the health sciences department of a university in Mexico. Defendant requests that this Court revoke the Order of Detention and "grant her request for pretrial release on a $20,000 personal appearance bond secured by one financially responsible adult." *Id*. at 7.

On September 17, 2026, the Government filed an opposition to the Motion to Revoke Detention Order. (ECF No. 29.) The Government contends:

> Judge Burkhardt properly conducted an individualized assessment of the nature and circumstances of the case, the weight of the evidence, and Defendant's personal circumstances and characteristics. In conducting the requisite statutory analysis, the court properly found by a preponderance of the evidence that Defendant poses a serious risk of flight and that no conditions or combination of conditions could reasonably assure her appearance in court.

*Id*. at 7.

**APPLICABLE LAW**

The Bail Reform Act of 1984 governs release pending trial. *See United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). The statute is designed to afford bail to defendants facing trial under the least restrictive condition or combination of conditions that will reasonably assure their appearance as required. *See* 18 U.S.C. § 3142(c)(1)(B). But where the court finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required, the Court may detain Defendant without bail pending trial. *See* 18 U.S.C. § 3142(e). On motion for pretrial detention, the Government bears the burden of showing, by a preponderance of the evidence, that the Defendant poses a serious risk of flight and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See Motamedi*, 767 F.2d at 1406–07.

This Court reviews the evidence de novo and makes its own determination whether to modify the detention order. *See United States v. Keonig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant, including: (a) the nature and circumstances of the offense charged; (b) the weight of the evidence; (c) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (d) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's

release. *Motamedi,* 767 F.2d at 1407; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The weight of the evidence is the least important of the factors, and the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear as required. *See United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). While "[a]lienage may be taken into account" when determining flight risk under the Bail Reform Act, "it is not dispositive." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019). The Court is required to make an "individualized determination" under the Bail Reform Act. *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015). "Any doubts regarding the propriety of pretrial release are to be resolved in favor of the defendant." *Diaz-Hernandez*, 943 F.3d at 1198.

**RULING OF THE COURT**

Defendant is charged with the felony offense of bringing in a certain alien for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). Defendant is facing a mandatory minimum custodial sentence of three years. *See* 8 U.S.C. § 1324(a)(2)(B). Although Defendant asserts that the Government has made a FastTrack offer, which allows her to plead to a charge that does not carry a mandatory minimum sentence, there is no indication that Defendant has signed the FastTrack offer and entered a plea of guilty. Based upon the current record, it appears that, in a post-*Miranda* interview, Defendant confessed to alien smuggling for financial gain, and the Material Witness was found under a blanket in Defendant's car. Although the weight of the evidence is the least important factor and the Court makes no findings of guilt or aggravating circumstances, the potential punishment faced by Defendant may be considered "in terms of likelihood that the person will fail to appear." *Motamedi*, 767 F.2d at 1408. The fact that Defendant is currently charged with a count that carries a three-year mandatory minimum sentence, combined with the apparently strong weight of evidence, gives Defendant a strong motive to flee. Based upon the current record, the Court finds that the nature and circumstances of the offense charged and the weight of the evidence weigh in favor of detention.

Defendant is a Mexican citizen with no legal right to live or work in the United States. While "[a] defendant's immigration detainer is not a factor in this analysis [under § 3142(g)]," "'[a]lienage may be taken into account,'" although "'it is not dispositive.'" *Diaz-Hernandez*, 943 F.3d at 1198–99 (quoting *Santos-Flores*, 794 F.3d at 1090). Apart from a brother-in-law living in Arizona, Defendant does not appear to have any ties to the United States. Defendant's substantial ties to Mexico, where she lives and has worked for many years, creates the significant risk that she would abscond and return to Mexico to avoid facing the legal consequences of her alleged actions in the United States. By contrast, Defendant has maintained steady employment in Mexico and the record contains no evidence of criminal history, substance abuse, or failures to appear by Defendant. On balance, the Court finds that the Defendant's characteristics and history weigh in favor of detention, while the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release weigh against detention.

The Court recognizes that it has the power to "fashion strict conditions of release," (ECF No. 28 at 7), in addition to requiring a pretrial release personal appearance bond as requested by Defendant. However, after considering the factors set forth in 18 U.S.C. § 3142(g) and after de novo review, the Court concludes that the facts in the record demonstrate by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance as required. The Court finds that, based upon the current record, Defendant must be detained pending trial pursuant to the factors in 18 U.S.C. § 3142(g).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Revoke Detention Order is denied. (ECF No. 28.)

Dated: September 24, 2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court